UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
SANDRA NICHOLAS, individually and on behalf       :
of a class,                                                                       :   CV-09-1697 (LDW) (WDW)
                                                                                       :
                                    Plaintiff,                       :
                                                                                       :
                                       v.                                 :
                                                                                       :
RBS CITIZENS, NATIONAL ASSOCIATION,   :
                                                                                       :
                                  Defendant.                   :
                                                                                       :
                                                                                       :
---------------------------------------------------------------x

# JOINT MOTION FOR PRELIMINARY APPROVAL
## OF CLASS SETTLEMENT AND NOTICE TO THE CLASS

Plaintiff, Sandra Nicholas, and Defendant, RBS Citizens, NA ("RBS") hereby move this Court for an order: (i) certifying the proposed Settlement Class for settlement purposes only; (2) preliminarily approving the Class Action Settlement Agreement and Release ("Agreement") attached hereto as Appendix I, (ii) approving the form of the Class Notice attached to the Agreement as Exhibits A, B, and C and (iii) setting dates for submitting claims, exclusions ("opt-outs"), objections, and a Final Approval Hearing.

In support of this motion, the parties state as follows:

1.     On April 24, 2009, Plaintiff filed suit alleging that RBS violated the Electronic Funds Transfer Act, 15 U.S.C. § 1693m. Plaintiff alleged that RBS's Automatic Teller Machine located at 248 E. Sunrise Highway, Freeport, New York 11520 (the "ATM") did not display the necessary notice that a fee would or may be charged.

1

2.  Counsel for Plaintiff and Defendant have reviewed and analyzed the complex legal and factual issues presented in this case and the risks and expenses likely associated with litigation this case to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation, and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals.

3.  Through arms-length discussions, the parties and their respective counsel negotiated and executed a comprehensive Agreement, attached as Appendix I, which proposes to settle this case on a class-wide basis.

4.  The Parties have stipulated to certification of the following Settlement Class for settlement purposes only:

>  All persons who, from December 5, 2008, until the date of the Preliminary Approval Order, were charged a fee for use of defendant's ATM at 248 E. Sunrise Highway, Freeport, New York 11520.

5.  The parties have stipulated that Edelman, Combs, Latturner & Goodwin, LLC and Kleinman, LLC be appointed as Class Counsel for settlement purposes only.

6.  Pursuant to the Agreement, the parties have agreed, *inter alia*, that Defendant will establish a Settlement Fund of $49,000, which shall be deposited into an escrow account held in trust by Class Counsel. The Settlement Fund shall be disbursed as follows, pursuant to Paragraph 2.3 of the Agreement:

>  (a)  Payment to Class Representative: The Class Representative shall receive $1,100 for her individual claim and as an incentive award for her service as Class Representative.
>
>  (b)  Payment to Class Counsel. Class Counsel shall receive an amount not to exceed $16,330.00 (33%) of the Settlement Fund in full satisfaction of all

reasonable attorneys' fees and costs. The payment amount is subject to Court approval and Defendant agrees not to object to the Court awarding this amount to Class Counsel.

c. <u>Notice Costs</u>. The costs of administration, published notice, posted notice and website notice, not to exceed $10,000, shall be deducted from the Settlement Fund.

d. <u>Class Recovery</u>. The amount remaining in the Settlement Fund after deducting the amount set forth in paragraphs (a), (b) and (c) above shall be divided *pro rata* among Participating Claimants; provided, however, that no Class Member shall receive payment from the Settlement Fund in an amount to exceed $100. Each Class Member shall be eligible to receive only one *pro rata* payment, regardless of whether that Class Member used the ATM at Issue multiple times.

e. <u>Cy Pres</u>. To the extent that any amount remains after payment pursuant to paragraphs 2.3(B)(1) – (3), that amount shall be paid as a *cy pres* award to Salvation Army of the Syracuse area, a 501(c)(3) charity.

7. The parties have agreed on the forms of Class Notice to be given to Class Members, pursuant to Paragraph 2.5 of the Settlement Agreement, that within 14 days of the Court's preliminary approval of the Agreement, Plaintiff will cause to be posted: (1) at the ATM notice substantially in the form of <u>Exhibit C</u>, along with claim forms in the form of <u>Exhibit A</u>; and (2) notice in the form of <u>Exhibit B</u> in a weekday edition of Long Island Newsday covering the Freeport, NY area.

8. The parties submit that the proposed forms of Class Notice meet the requisites of Rule 23. Rule 23(c)(2)(B) states, "For any class certified under Rule 23(b)(3), the court must

3

direct the class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." The parties submit that newspaper publication notice (covering the area in which the ATM is located) and posted notice, as set forth in the Agreement, is the best Class Notice practicable under the circumstances. The parties' proposed forms of Class Notice are reasonable given: (a) publication notice is being specifically targeted to the local paper circulated in the ATM's vicinity; and (b) notice is also being posted on the very ATM that is the subject of this litigation.

9. In addition to the agreed upon forms of notice, the parties have also agreed on a form of a proposed Preliminary Approval Order (Exhibit D to the Agreement) and a proposed Final Approval Order (Exhibit E to the Settlement Agreement).

WHEREFORE, for the foregoing reasons, the parties request that this Court enter an order: (1) certifying the proposed Settlement Class for settlement purposes only; (2) preliminarily approving all terms and conditions of the proposed Class Action Settlement Agreement and Release; (3) directing Class Notice to the Class Members; and (4) setting dates for submitting claims, exclusions, objections and a Final Approval Hearing.

Respectfully Submitted,

| s/ Daniel A. Edelman | s/ David M. Monachino |
|---|---|
| Abraham Kleinman | David M. Monachino |
| KLEINMAN, LLC | SEYFARTH SHAW LLP |
| 626 RXR Plaza | 620 Eighth Avenue |
| Uniondale, NY 11556 | New York, NY 10018-1405 |
| (516) 522-2621 | (212) 218-5500 |

Daniel A. Edelman (*PHV*)
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle St., 18th Floor
Chicago, IL 60603
(312) 739-4200

4

**CERTIFICATE OF SERVICE**

   I, Daniel A. Edelman, hereby certify that on February 1, 2010, I caused to be filed the foregoing document with the Clerk of the Court using the CM/ECF System which caused notification of such filing to be sent to the following party via electronic mail:

David Monachino (dmonachino@seyfarth.com)

                s/Daniel A. Edelman
               Daniel A. Edelman