UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SANDRA NICHOLAS, individually and on behalf :
of a class,                                                                    :     CV-09-1697 (LDW) (WDW)
                                                                                    :
                                                       Plaintiff,       :
                                                                                    :
                      v.                                                    :
                                                                                    :
RBS CITIZENS, NATIONAL ASSOCIATION,  :
                                                                                    :
                                                      Defendant.    :
                                                                                    :
                                                                                    :
-----------------------------------------------------------------x

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF
## FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiff, Sandra Nicholas ("Plaintiff"), individually and as representative of the Class of similarly situated persons, by Class Counsel, Abraham Kleinman and Edelman, Combs, Latturner & Goodwin, LLC, respectfully submits the following Memorandum in Support of Final Approval of the Class Action Settlement Agreement ("Agreement") which this Court preliminarily approved on March 4, 2010 and set for a Final Approval Hearing on July 13, 2010.

The Court is advised that subsequent to the entry of the preliminary approval order, notice of the settlement of this action was published in a weekday edition of *The Long Island Newsday* covering the Freeport, NY area and posted at the ATM in question. Pursuant to the Agreement, all remaining funds in the Settlement Fund after payments are made to Class Counsel and Plaintiff and after the costs of administration are deducted shall be paid to Salvation Army of the Syracuse Area as a *cy pres* payment. No class members have submitted claim forms.

1

**I.      OVERVIEW OF THE LITIGATION PRECEDING SETTLEMENT.**

This lawsuit was filed by Plaintiff in the United States District Court for the Eastern District of New York, alleging violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693m.  Specifically, Plaintiff alleged that RBS Citizens, National Association's ("RBS") Automatic Teller Machine located at 238 E. Sunrise Highway, Freeport, New York 11520 did not display the necessary notice that a fee would or may be charged, in violation of 15 U.S.C. §1693b(d)(3)(c), and Regulation E, 12 C.F.R. §205.16(e). Plaintiff sought to recover for herself and for each Class Member statutory damages for noncompliance with the EFTA.  RBS denies liability.

As demonstrated below, the parties' Agreement is now ripe for this Court's consideration and final approval.

**II.      THE ADMINISTRATION OF THIS CLASS ACTION SETTLEMENT.**

   **A.      The Preliminary Approval Order and Class Certification.**

On March 4, 2010, this Court entered an order granting preliminary approval of the Agreement reached between the parties, and certified a class for settlement purposes only, consisting of: all persons who, between April 24, 2008, and March 4, 2010, were charged a fee for use of the ATM located at 238 E. Sunrise Highway, Freeport, New York 11520. In the Preliminary Approval Order ("Order"), the Court specifically found that the proposed terms of the settlement satisfied all of the elements of Federal Rule of Civil Procedure 23(a) and 23(b)(3). The Order further established a procedural framework for the final approval of the settlement. The Order approved the parties' notice plan, set deadlines and procedures for the submission of claim forms, requests for exclusion, and objections to the settlement, and set a July 13, 2010, final approval hearing.

### B. The Posting of Class Notice and Claim Forms.

The Court is advised that subsequent to the entry of the preliminary approval order, in accordance with the notice plan laid out in the Agreement and preliminarily approved by this Court, notice of the settlement of this action was posted at the ATM in question. No claim forms have been received. No class members have submitted requests for exclusion, and no objections were received.

### C. The Value of the Settlement.

RBS will contribute a total of $49,000.00 in cash (the "Settlement Fund") to be used for purposes of paying for such attorneys' fees and costs to Class Counsel as this Court finally approves, covering incentive awards to Plaintiff, and covering all costs of Notice and Administration of the Settlement. RBS will not be required to make any additional payments to or on behalf of Class Members or their counsel for any purpose whatsoever. Any residual amount in the Settlement Fund will be paid to Salvation Army of the Syracuse Area, a 501(c)(3) charity. This Court has previously considered the terms of the settlement in entering the Preliminary Approval Order, which are as follows:

   a. <u>Class Recovery/Cy Pres</u>: Since no class members have submitted valid claims, all remaining funds in the Settlement Fund after the above payments are made and the costs of administration are deducted (approximately $31,570) shall be paid to Salvation Army of the Syracuse Area., as a *cy pres* payment..

   b. <u>Relief to Plaintiff</u>: Subject to Court approval, RBS shall pay Plaintiff the total amount of One Thousand One Hundred Dollars ($1,100.00) for the full release of her claims and in recognition of her services as class representative.

   c. <u>Attorney's Fees and Costs</u>: Subject to Court approval, RBS shall pay

3

Class Counsel $16,330.00 (1/3 of the settlement fund) in full satisfaction of all reasonable attorneys' fees and costs.

        **D.**      **No Objections or Requests for Exclusion Were Received.**

No objections or requests for exclusion were received. This should be viewed as an endorsement of the settlement by the Class.

**III.**      **THE COURT SHOULD GRANT FINAL APPROVAL TO THE SETTLEMENT.**

        **A.**      **Standard For Granting Final Approval To The Class Action Settlement.**

In *Amchem Productions, Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231 (1997), the United States Supreme Court explained that, before approving a class action settlement, the District Court must first be satisfied that the elements of Rule 23(a) and 23(b) have been met. Id. at 621, 117 S.Ct. at 2248.

Once the Court has determined that the requirements of Rule 23(a) and 23(b) have been met, the Court must then determine whether the settlement meets the *Grinnell* factors. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974). These factors are (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of proceedings and amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through trial; (7) the ability of the defendants to withstand greater judgment; (8) the range of reasonableness of the settlement in light of the best possible recovery; and (9) the range or reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Id.* The class action settlement in the present case satisfies each of the factors outlined in *Grinnell*.

The settlement is warranted by the complexity, expense, and likely duration of continued litigation, satisfying the first *Grinnell* factor. Lawyers for both parties were prepared to devote considerable time and effort to class certification and summary judgment briefing before if the settlement was not reached, and even greater effort would have been required to prepare and take the case through trial.

The settlement easily satisfies the second *Grinnell* factor because no class member has elected to request exclusion from the settlement. Likewise, no class member has objected to the settlement.

The third *Grinnell* factor also supports the final approval of this settlement in light of the proceedings and the discovery completed to date.

The fourth, fifth, sixth, and seventh *Grinnell* factors are satisfied. Defendant RBS disputed Plaintiff's claims and believed that it would prevail at trial, not only because of evidence that RBS' actions were at most a bona fide error, but also due to the availability of the affirmative defense under the EFTA that the bank has no liability for failure to post the required notice if it has been posted in compliance with this section and it was subsequently removed, damaged or altered by any person other than the operator. (15 USCS 1693h). Both parties recognized, however, that there were risks and costs associated with further litigation, and the ability to sustain a theoretically large award of damages against Defendant.

In order to avoid the uncertainly presented by litigation, the parties agreed to settle the dispute between them.

Recovery from the settlement satisfies the eighth and ninth *Grinnell* factors, as it allows participating class members to recover at a non-trivial amount, recognizing the strong defenses the Class would have faced if the action had proceeded.

Where, as here, class members were given the best opportunity to make claims form the class fund, distribution to a cy pres is appropriate as the "*next best* compensation use, e.g., for the aggregate, indirect, prospective benefit of the class." *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423 (2d Cir. 2007) (citation omitted). In the present matter, the class was not reasonably identifiable, and the publication and posting of notice provided the best practicable form of notice to the class members. While not going directly to class members, the cy pres payment to the Salvation Army does provide an indirect, prospective benefit to the class members' community.

## IV.    THE ATTORNEYS' FEES AND COSTS ARE REASONABLE.

Pursuant to the Agreement, Class Counsel requests approval of payment of attorneys' fees in the amount of $16,330. Plaintiff's counsel include experienced class action attorneys (See Exhibit 1), all of whom contributed their skills and expended their resources in a coordinated effort that resulted in the settlement of this matter.

Plaintiff's counsel filed a well-researched complaint alleging claims for relief under federal law. Class Counsel engaged in extensive, and ultimately successful, settlement negotiations with counsel for Defendant, which produced the instant settlement agreement. In light of the work performed in this matter, Counsel accordingly requests approval of this amount by the Court.

## V.    CONCLUSION

For all the reasons set forth above, Plaintiff individually, and as a representative of the Class of similarly situated persons, by Class counsel, requests this Honorable Court grant final approval of the Agreement and enter the parties' proposed final approval order attached hereto as Exhibit 2.

6

Respectfully Submitted,

s/ Daniel A. Edelman (PHV)
Daniel A. Edelman

Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, NY 11556
(516) 522-2621
(888) 522-1692 (FAX)

Daniel A. Edelman (PHV)
Cathleen M. Combs (PHV)
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle St., 18th Floor
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **CERTIFICATE OF SERVICE**

I, Daniel A. Edelman, hereby certify that on July 8, 2010, I had the foregoing document filed via CM/ECF and served electronically upon the following:

David Monachino (dmonachino@seyfarth.com)

                                                s/ Daniel A. Edelman
                                                Daniel A. Edelman